————o————

## No. 4725.

### Court of Appeal, Parish of Orleans.

## GLOBE REALTY COMPANY, LTD., VS. ALBERT CERDES ET ALS.

1. An action by the owner of an immovable against the possessor for the recovery of the revenues thereof, is prescribed only by the lapse of ten years from the time when such revenues were received.

2. Such an action is not ex delicto, and does not grow out of C. C. 2315, but out of C. C. 502. Where several have possessed jointly they are not liable in solido, but each is liable only for what was received by himself.

Appeal from the Civil District Court, Division "B."

F. Rivers Richardson, for Plaintiff and Appellee.

B. R. Forman, A. J. Rossi, for Defendant and Appellant.

ST. PAUL, J. On September 29, 1906, plaintiff purchased from John H. Lang a certain lot of ground designated as lot 151, of which Lang had been the owner since 1891. The property was vacant and unimproved except as hereinafter mentioned and the deed of sale contained the following clause: "It is understood and agreed that this sale also includes the right to collect and demand payment of any rents or revenues now or heretofore due on said property or for the use thereof."

On December 14, 1906, when this suit was filed, Albert and John Gerdes were the owners in indivision of the adjoining lot designated as lot 150, which they had purchased from a Mrs. Clarke. On the lot stood a building removed some eleven feet

from the dividing line between the two lots, Nos. 150 and 151.

Previous to their purchase Mrs. Clarke had leased to one Lambert, a farrier, the vacant space adjoining the building, on which Lambert erected a shop or smithy suitable for the purposes of his business. This shop at the time this suit was brought was about 17 1-2 feet wide, and therefore occupied 11 feet of the property belonging to the Gerdes brothers, and encroached about 6 1-2 feet on the property belonging to plaintiff.

On March 29, 1901, Lambert died. His son Frank succeeded to the business and continued to occupy the shop for which he paid rent to the Gerdes brothers at the rate of $8 per month, until the time when this suit was filed, December 5, 1906, a period of five years and eight months.

In its petition plaintiff claims of Albert Gerdes, one of the Gerdes brothers, and of Frank Lambert, in solido, the sum of $600 for the occupancy of its land, or at the rate of $100 per year for six years.

Lambert did not answer; a default was taken against him, but never confirmed. There was a trial which ended by a judgment against Gerdes for $218, from which he appeals.

We are of opinion that the clause in plaintiff's deed, of which we have made mention, gave it the right to prosecute this suit.

Now it is not clear just when or how the shed was first extended over the land belonging to plaintiff, and in the uncertainty in which the testimony leaves us we shall not deal with the time during which Lambert the father occupied the premises. But at his death a new occupancy began and we find as a fact that the rent paid by Lambert the son was for the shop as it stood, and find the value of that part of plaintiff's land occupied by the shop at $3.00 per month. As the occupancy continued 68 months the amount to which plaintiff is entitled is $204.

But we are unable to perceive under what theory Albert Gerdes is liable for the whole amount. He was not alone interested in the rent paid for the shop, but only to the extent of one-half, his brother John Gerdes being equally interested with himself. The rent was paid to and receipted for by A. Gerdes & Brother.

The action is not one ex delicto, growing out of C. C. 2315, but simply an action by the owner against the possessor for the return of the revenues received by him, and grows out of C. C. 502, hence Albert Gerdes who received only one-half of those revenues is liable for that one-half, and no more.

As to the pleas of prescription herein filed—one and three years—they are not well founded. The only prescription applicable to an action such as this, is that of ten years. (Hereford vs. Leverich, 16 An. 397. Imboden vs. Richardson, 15 An. 534; 15 An. 145.)

It is therefore ordered that the judgment of the District Court be amended by reducing the amount allowed plaintiff from $218 to One Hundred and Two Dollars ($102), and as thus amended the judgment is affirmed, appellee to pay costs of appeal.

June 21, 1909.

Rehearing refused, June 30, 1909.